UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KIMBERLY ANN HAZLE,

                            Plaintiff,              06-CV-6673

              v.                               **DECISION
                                                and ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security

                            Defendant.
_____

## <u>INTRODUCTION</u>

        This action is brought by plaintiff Kimberly Ann Hazle
("plaintiff" and/or "Hazle") pursuant to 42 U.S.C. §§ 405(g) and
1383(c)(3) of the Social Security Act ("the Act") seeking review of
the final decision of the defendant, Commissioner of Social
Security ("Commissioner") in August 2004 denying her disability
benefits under Titles II and XVI of the Social Security Act. Hazle
alleges that the decision of the Administrative Law Judge ("ALJ")
denying her claim was erroneous because it was not supported by the
substantial evidence in the record. Accordingly, plaintiff requests
that her claim be remanded pursuant to sentence six of 42 U.S.C.
§ 405(g) for consideration of new and material evidence in support
of her claim for disability benefits. Plaintiff also requested that
the Commissioner be directed to pay her interim benefits in an
amount equal to what she and her auxiliaries would receive if found
eligible for benefits.  Finally plaintiff requests an Order
consolidating this case with a similar claim pending before
Administrative Law Judge (ALJ) James E. Dombeck at the Office of

Disability Adjudication and Review (ODAR) requesting a hearing on the denial of her 2006 application.

The Commissioner also moves for remand on the grounds that the Social Security Administration was unable to locate the evidence file concerning Ms. Hazle's claim.  On August 8, 2007, this Court denied the Commissioner's motion and appointed Catherine Callery, Esq. as counsel.  Although the Commissioner also moves for remand so that a new file may be prepared, it opposes plaintiff's request for interim benefits pending resolution of this case.  See Def.'s October 10, 2007 Letter Response.

For the reasons that follow, I determine that:  (1) this case be remanded to the Commissioner for preparation of an adequate record; (2) this case be consolidated with a new claim now pending before ALJ Dombeck; (3) plaintiff's application for interim relief is granted in the amount of the monthly Social Security benefits plaintiff would be entitled to if she were successful on the merits of her claim as set forth in the complaint, with payments to begin within 10 (ten) days of the date of this Opinion and Order; (4) such benefits shall be paid until a new inquiry into plaintiff's eligibility is conducted based upon a record to be provided by the Commissioner. If it is determined after final adjudication of her claim on the merits that plaintiff was not entitled to the interim benefits paid, then the overpayment and recoupment procedures available with respect to any recipient of benefits from the Social Security Administration will apply. This

Court will retain jurisdiction of this case pending determination of plaintiff's claim.

**BACKGROUND**

Plaintiff is a thirty-six year old woman who has a complicated medical history including peripheral vascular disease and insufficiency, recurrent thromboembolic disease, which has required repeated iliac stents as well as iliac bypass surgery. Plaintiff has also been diagnosed and treated for iron deficiency and depression. In January 2003, plaintiff applied for disability benefits on the basis of her vascular disease and medical claims. She was granted a "closed period" of disability in August 2004 by ALJ Jonathan J. Wesner who agreed that she was disabled for the limited period from July 15, 2001 through February 4, 2003. Plaintiff appealed the ALJ's decision to the Appeals Council which denied review on July 25, 2005. However, plaintiff never received notice of that decision denying review until 2006. Subsequently, plaintiff filed a new application for disability, which was also denied in 2006.

Plaintiff filed a *pro se* complaint in this court on December 29, 2006 seeking judicial review of the August 2004 decision under 42 U.S.C. § 405(g) of the Act. The Commissioner then moved for remand on the grounds that the Social Security Administration was unable to locate plaintiff's administrative file. Because the agency's official file cannot be found, a transcript of the record has yet to be prepared as required for judicial review of the administrative decision, 42 U.S.C. § 405(g), sentence three. On

August 8, 2007, this Court denied the Commissioner's motion for remand and appointed counsel for plaintiff and further ordered the Commissioner to show cause why interim benefits should not be awarded to the plaintiff pending resolution of this case.

The total elapsed time since plaintiff's initial application for disability benefits is nearly five years. The agency which has not yet answered the complaint, seeks an order remanding this case pending preparation of a transcript. While conceding that an administrative record is necessary and that additional time is warranted to enable the Commissioner to produce the administrative record or reconstruct the original claims file, plaintiff understandably is concerned about the potential length of additional delay and the hardship it imposes upon her.  42 U.S.C. § 423(g).

## DISCUSSION

### I.   Standard for Awarding Interim Benefits

The Social Security Act provides for payment of interim benefits only under certain specified circumstances. In a provision entitled "continued payment of disability benefits during appeal", the Act provides in relevant part that:

(1) In any case where-

(A) an individual is a recipient of disability insurance benefits ...,

(B) the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling, and as a consequence such individual is determined not to be entitled to such benefits, and

> (C) a timely request for a hearing ... is pending with
> respect to the determination that he is not so entitled,
> such individual may elect ... to have the payment of such
> benefits ... continued for an additional period beginning
> with the first month beginning ... after January 12,
> 1983, for which (under such determination) such benefits
> are no longer otherwise payable, and ending with the
> earlier of (I) the month preceding the month in which a
> decision is made after such a hearing (ii) the month
> preceding the month in which no such request for a
> hearing or an administrative review is pending, or (iii)
> June, 1989.

42 U.S.C.S. § 423(g). Courts in other circuits have held that this section authorizes interim benefits only when a beneficiary's benefits have first been awarded and then subsequently terminated, and does not authorize interim benefits in "original entitlement" cases in which benefits have never been awarded. <u>See</u> <u>Doughty v. Bowen</u>, 839 F.2d 644, 645-46 (10th Cir.1988); <u>Taylor v. Heckler</u>, 769 F.2d 201, 202 (4th Cir.1985).  After a hearing by an ALJ in 2004, an award was made which was limited to a closed period from July 15, 2001 through February 4, 2003 because her condition had medically improved.  <u>See</u> August 20, 2004 ALJ Decision. The provisions of 42 U.S.C. § 423(g) allowing for continuation of benefits is thus applicable in this case.

## II.  **Plaintiff is Entitled to Interim Benefits**

District courts have inherent, equitable power to award interim benefits to a plaintiff who has experienced excessive delay, not caused by the claimant and not within the claimant's control.  I find that the grant of interim benefits is appropriate here.  <u>See</u> <u>Hoffman v. Apfel</u>, 122 F. Supp. 2d 1001 (N.D. Iowa 2000). Plaintiff initially applied for benefits in January 2003. Although

the Appeals Council denied review of her claim in 2005, plaintiff was not made aware of that decision until 2006 thus preventing her from appealing that adverse decision to a District court. Similar to <u>Hoffman</u>, the delay has been compounded by an additional six months while the Commissioner had purportedly been searching for her claim file and/or hearing tape.  Even so, that delay still militates against claimant's right to be heard under the provisions of the Act. <u>See</u> <u>Mason-Page v. Bowen</u>, 655 F.Supp. 255, 258 (D.N.J. 1987) (Commissioner's conduct need not be egregious to warrant an award of interim benefits).

With respect to plaintiff's likelihood of success, the medical documents provided by Hazle are persuasive that she has a reasonable likelihood of success on remand.  Moreover, plaintiff's affidavit also demonstrates her dire financial need.  There is no countervailing prejudice to the Commissioner, "because the payment of interim benefits is 'subject to curative overpayment and recoupment procedures.'" <u>See</u> <u>Hoffman</u>, 122 F.Supp.2d at 1016 (quoting <u>Mason-page</u>, 655 F.Supp. at 258).

## CONCLUSION

For the reasons stated above, it is hereby ordered that: (1) this case is remanded to the Commissioner for preparation of an adequate record; (2) this case is consolidated with a claim now pending before ALJ Dombeck at the ODAR; (3) plaintiff's application for interim relief is granted consisting of the monthly Social Security benefits plaintiff would be entitled to if she were successful on the merits of her claim as set forth in the

complaint, with payments to begin within 10 (ten) days of the date of this Opinion and Order; (4) such benefits will be paid until an investigation into plaintiff's eligibility is conducted and its results included in a complete record.

It is further ordered that if it is determined after final adjudication of her claim on the merits that plaintiff was not entitled to benefits paid, the overpayment and recoupment procedures available with respect to any recipient of benefits from the Social Security Administration will apply. This Court retains jurisdiction of this case pending determination of the merits of plaintiff's claim.  In view of the inordinate delay in this case caused by the Commissioner, I urge the Commissioner to expedite all further proceedings in this case.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          October 12, 2007